Butler, District Judge.
The plaintiff sues as assignee of reissued letters patent No. 8,752, dated August 10, 1879, issued to John C. Reed, to recover for infringement. The invention is an improvement in nonconducting covers for steam boilers, steam, water, and other pipes. The specifications say: “The invention relates to that class of articles known as ‘boiler coverings,’or ‘nonconducting coverings for boilers, steam, water, and other pipes.’” After describing the coverings, and the process of manufacturing them, the claims are stated as follows:
“(1) A nonconducting covering for boilers, pipes, and other surfaces, composed of layers or wrappings of paper saturated or coated with suitable adhesive material, and compressed while being formed into tubular sections, substantially as described. (2) As a new article of manufacture, a nonconducting covering for boilers, pipes, and other surfaces, composed of layers or wrappings of paper, saturated or coated with suitable adhesive materials, and compressed while being formed into tubular sections divided longitudinally, so as to be placed around the pipes or other surfaces to be covered, substantial y as set forth.”
The original specifications and patent—issued December 21, 1875— stated the invention as follows:
“My invention relates to that class of articles known as ‘ boiler coverings,’ or ‘nonconducting coverings for boilers, steam, water, and other pipes;' and it consists in a nonconducting covering, composed of layers or wrappings of paper, preferably roofing paper, saturated with adhesive material, and compressed while being formed into tubular sections of one half inch or more in thickness. ”
The claim was for “a new article of manufacture; a nonconducting covering, composed of layers or wrappings of paper saturated with adhesive material, and compressed while being formed into tubular sections of a thickness of one half inch or more, substantially as shown and described.” A fuller statement of the facts is unnecessary to an understanding of our views of the case.
The validity of the reissue is attacked on the allegation that its claims are broader than that of the original. Judged in the light of its terms *230 alone, this allegation is certainly true. The limitation respecting thickness of the coverings, contained in the original, is omitted. The complainant contends, however, that in the light of the proofs the claims in each are, in effect, the same; because, as he asserts, a covering of less than half an inch would not constitute “a thorough nonconductor,” such as the specifications describe; and consequently that the restrictive language of the original patent was inoperative, in construing its claims. This view the circuit court adopted. Is it sound? It seems clear that the patentee did not think so when he took either of the patents. When applying for the original he objected to the limitation, as the proofs show, but was required by the office to insert it; and his object in taking the reissue seems mainly to have been to get rid of it. It cannot well be doubted that if a covering below the limit had been manufactured and used, subsequently to the reissue, he would have objected to it as an infringement. If for no other purpose than to avoid uncertainty, the office acted wisely in requiring a definite statement of the thickness of coverings sought to be embraced. The language, “a thorough nonconductor,” employed in the specifications, is indefinite. What is or is not such a conductor is matter of individual judgment, about which experts will disagree. If a bare half inch is such, it would be difficult to affirm that a trifle less is not. As much would depend upon the fineness and firmness of the texture and solidity of the covering as upon the difference in thickness. The terms of the original claim, as amended, left nothing to doubt. The patentee’s rejection of them subsequently, seems to be an emphatic declaration that the language is important, and that he will not be so limited. His present attitude does not, therefore, commend itself very strongly to favorable consideration. The court says:
“If we were shut up to a comparison of what appears on the face of the original patent and the face of the reissue, it might seem that the omission from the latter of the words, ‘ of a thickness of one half inch or more,’ was a material change, and one prejudicial to the public; but the proofs bring us to a different conclusion. It is shown that a covering of less thickness than half an inch would lack the necessary nonconducting property. A half inch covering is too thin to retain the heat, and prevent radiation. ”
We have carefully looked through the proofs, and cannot so understand them. They probably show that a less thickness would be insufficient for boilers, and steam pipes—to which doubtless the coverings are most commonly applied. The reissue, however, plainly embraces coverings for hot water, hot air, gas, and all other pipes to which their use may be beneficially applied; and we do not find any evidence to justify the conclusion that a thickness of less than half an inch is insufficient for such purposes. Manifestly, we think, the thinner coverings are sufficient for such uses. If not, the burden was on the complainant to prove it. We attach no importance to the complainant’s suggestion that coverings of less than half an inch, could not be “conveniently packed for transportation,” as described in the specifications. The decree of the circuit court must therefore be reversed and the case remanded with directions to dismiss the bill.